NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS SPIEGEL, an individual, | No. 25-2294 |
| Plaintiff-ctr-defendant - Appellant, | D.C. No. 2:23-cv-08495-MWC-MAR |
| v. | |
| DOES, 1 through 10, inclusive, | MEMORANDUM[*] |
| Defendant, | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | |
| Defendant-ctr-claimant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michelle Williams Court, District Judge, Presiding

Submitted February 6, 2026[**]
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Thomas Spiegel appeals the district court's grant of partial summary judgment in favor of Defendant Federal Insurance Company ("Federal"). The district court held that Federal did not have a duty to defend Spiegel in an underlying action filed in Nevada state court. The parties then filed a joint motion for entry of judgment under Federal Rule of Civil Procedure 54(b), which the district court granted, dismissing the remaining claims pursuant to Rule 41. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a grant of summary judgment. *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023). The parties agree that California law applies to the interpretation of their insurance contract. "The interpretation of an insurance policy, as applied to undisputed facts, is a question of law." *Cort v. St. Paul Fire & Marine Ins.*, 311 F.3d 979, 982 (9th Cir. 2002). Therefore, "[w]e also review [a district court's] interpretation of state law and the insurance policies de novo." *Westport Ins. v. Cal. Cas. Mgmt. Co.*, 916 F.3d 769, 773 (9th Cir. 2019).

The insurance policy at issue covers loss caused by the insured's liability for "personal injury." The policy defines "personal injury" as "injury, other than bodily injury, property damage or advertising injury, caused by an offense of" various forms of false arrest, malicious prosecution, wrongful entry, defamation, or, as claimed here, "discrimination, harassment[,] or segregation based on a person's protected human characteristics as established by law." Spiegel argues that the

underlying action's allegations regarding an individual's substance abuse assert a protected human characteristic, which Spiegel frames as a "mental disability." But substance abuse is not a disability under Nevada law, where the underlying action was filed. *See* Nev. Rev. Stat. § 433.164 (excluding "dependence upon or addiction to alcohol or other substances" from its definition of "[m]ental illness"); *see also* Cal. Gov't Code § 12926(j) (also excluding "psychoactive substance use disorders resulting from the current unlawful use of controlled substances or other drugs" from its definition of "[m]ental disability"). The underlying action also alleges that the individual had "untreated mental illness." But even if that illness was unrelated to substance abuse, the gravamen of the underlying action concerns exploitation of that person's vulnerability on account of substance use, as opposed to disability.

Nor do the underlying action's allegations of "a businessman taking advantage of a potential buyer," as the district court put it, amount to "an offense of . . . discrimination [or] harassment based on a person's protected human characteristics." Taking advantage of a vulnerable person, while reprehensible, is not the same as discriminating against or harassing that person because of the characteristic that makes the person vulnerable. While the duty to defend does not turn on "the precise causes of action pled by the third-party complaint" if the underlying allegations could support "a covered liability," *Scottsdale Ins. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005), Spiegel has not shown how the allegations

in the underlying complaint could sound in discrimination or harassment offenses based on a protected characteristic, as covered by the policy.

**AFFIRMED.**